**UNITED STATES of America,**
**Plaintiff,**

v.

**Whitney GREY et al., Defendants.**
**Crim. No. 73-13.**

United States District Court,
W. D. Oklahoma,
Criminal Division.

Feb. 28, 1973.

Jeff R. Laird, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Vincent Knight, Arlene Tucker, Philip F. Horning, Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Defendants have filed a Motion to Dismiss the Petit Jury Panel, urging the same grounds relied upon in their previous motions attacking the grand jury selection procedures and an additional ground directed only to the panel of petit jurors. Defendants' Motion was presented as their jury trial was scheduled to begin and the Court after examining the

same overruled it in open Court, indicating that this written opinion would follow.

The contentions previously urged by Defendants have been considered by the Court and denied on February 21, 1973, 355 F.Supp. 529, the same on Motion were reconsidered by the Court and denied on February 26, 1973 and the same are in effect presented for a third time, the attack being shifted from the grand jury panel to the petit jury panel. Though Defendants' contentions have again been found unacceptable as a matter of law by the Court, as announced, the Court will take this opportunity to make some additional observations before turning to Defendants' new contention with respect only to the petit jury panel.

Regarding the ground, previously raised by Defendants, that emptying and refilling of the master jury wheel was not done at the intervals prescribed by law or from the voter registration lists they ague should have been used, the Fifth Circuit, subsequent to United States v. Kuhn, 441 F.2d 179 (Fifth Cir. 1971), has held that,

"... once the Master Wheel was filled, nothing would be added to it until the specified periodic emptying-refilling ... Congress necessarily contemplated that for a substantial period of time the Master Wheel would be static." United States v. Blair, 470 F.2d 331 at pp. 335–336 (Fifth Cir. 1972).

The jury selection plan the Fifth Circuit had under consideration provided that voter registration lists supplemented by the inclusion of subsequent registrants to the latest practicable date would furnish the source of names for the master Jury Wheel. That plan, adopted in 1968 provided for emptying and refilling of the master jury wheel in 1971 and every five years thereafter. The court continued,

"This meant that during this period [between the initial filling and the specified refilling date] persons becoming potentially eligible for jury service would be excluded. Conversely, it meant that there was no requirement that the Plan call for continuous updating. In the Constitutional—statutory goal of a fair cross section Congress had the right to consider practical problems of administrative necessity." 470 F.2d at p. 336.

Beyond doubt, Defendants' contention that the selection procedure utilized in this District is defective because of failure to use the 1970 or any voter registration lists other than those used is without merit.

Defendants' additional contention with respect to the petit jury panel is that it was drawn from only one of the four divisions established by the Plan for this District instead of from the District at large, or proportionately from the four master jury wheels. This contention ignores the plain language of the statutes:

"Separate plans may be adopted for each division or combination of divisions within a judicial district." 28 U.S.C.A. § 1863(a).

The Plan for this District establishes four divisions, finds that drawing jurors therefrom for each place of holding court will result in impartial trials and at the same time avoids unnecessary expense and undue burden to the citizens affected due to the large area comprising the District and provides that the Plan shall apply separately in each division to each place of holding court. The selection procedures established by the Plan:

"... shall be designed to ensure the random selection of a fair cross section of the persons *residing in the community in the district or division wherein the court convenes.*" 28 U.S.C.A. § 1863(b)(3).

Defendants claim that they have a right to a jury drawn from all the divisions of this District. The statute does not give them such right. Defendants' argument that the Plan is in reality a single plan for the entire District because the excuse granted to persons living more than 150 miles from the place of trial includes all of three and part of the fourth di-

vision cannot stand in the face of the Plan's declaration that it is a separate plan in each place of holding court and the fact that such 150 mile limitation is an excuse which must be individually requested by the juror as to his division. The establishment of divisions and the drawing of names wholly from within such division is based on both considerations of unnecessary expense and undue burden to jurors. Defendants' argument in this regard appears to be a renewal of their proportionate representation argument in disguise. Their proposition would result in each geographical area of the District being proportionately represented in each division within the District. If this were the case, the language of 28 U.S.C.A. § 1863(a) and (b)(3) quoted above would be rendered without meaning, it would be unnecesary to establish a plan for each division and the divisions themselves would be superfluous. Clearly, this is not the result intended by Congress and the law is well established that Defendants are not entitled to a proportionately-composed grand or petit jury, jury panel or qualified jury pool. Cf. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).